DR. BARBARA THOMPSON, State Superintendent Department of PublicInstruction
You request my advice pursuant to sec. 19.98, Stats., on a number of questions which arose in the City of Kenosha with respect to compliance with the open meeting law. The open meeting law consists of secs. 19.81-19.98, Stats., and was created by ch. 426, Laws of 1975. For the purposes of this opinion it is assumed that the Kenosha School Board is comprised of seven members and that no notice of a school board meeting had been given by the chief presiding officer of the board, to the public, to the board's official newspaper or to members of the news media who had requested notice.
Section 19.82(2), Stats., provides:
 "(2) `Meeting' means the convening of members of a governmental body for the purpose of exercising the responsibilities, authority, power or duties delegated to or vested in the body. If one-half or more of the members of a governmental body are present, the meeting is rebuttably presumed to be for the purpose of exercising the responsibilities, authority, power or duties delegated to or vested in the body. The term does not include any social or chance gathering or conference which is not intended to avoid this subchapter." (Emphasis added.)
1. Could an individual school board member attend a meeting of school parents, whether it be PTA or PTO, if invited, and participate as a member of the audience, as a member of a panel, or as a speaker without violating the open meeting law? *Page 255 
The answer in each case is yes. There would not be a convening of a meeting of the school board or of a formally constituted subunit thereof. Since less than one-half of the members of the school board would be present, there would be no presumption that a meeting of the school board was involved.
2. Would there be a violation of the Open meeting law if four or more members attended a parents' meeting, individually
discussed school-related problems with various parents andindividually asked questions of the parents' organization, officers or of panelists?
In my opinion the answer is no. Even though more than one-half of the members of the school board were present, the facts rebut the presumption of a school board meeting. The board members are acting as individual members of the board and there appears to be no convening of a meeting of the school board.
3. Would there be a violation if one school board member participated in a panel and three or more other members observed from the audience?
In my opinion the answer is no. The facts rebut any presumption of a meeting of the school board created by the unplanned attendance at the meeting of another body of more than one-half of the members of the school board.
4. Would there be a violation if four or more members participated in a panel by themselves or with other panelists and discussed responsibilities, authority, powers, or duties vested in the school board?
I cannot answer this question without further information.
A "meeting" is defined in sec. 19.82(2). Stats., in terms of the purpose for which it is convened, i.e., "exercising the responsibilities, authority, power or duties delegated to or vested in the body." It is my opinion, therefore, that an assembly of more than a quorum of school board members at which it was intended that specific problems of the specific school district would be discussed by and between members of the board, or by and between members and members of the public within such district, would be a "meeting" within the meaning of sec.19.82(2), Stats.
On the other hand, the term "meeting" does not include "any social or chance gathering or conference which is not intended to *Page 256 
avoid" the open meeting law. Sec. 19.82(2), Stats. Any attempt to distinguish by definition between "meeting" and "conference" for purposes of this opinion would be futile, as a "conference" in which members of a governmental body participate, convened for the purpose of exercising the responsibilities, etc., of that body would be a "meeting" within the meaning of sec. 19.82(2), Stats., whereas a meeting, convened for some other purpose, is not a "meeting" as defined in that section, whatever it may be called. In other words, in order to determine whether a violation of the open meeting law has occurred, it is necessary to focus on the purpose and intent for which an assembly of a quorum of a governmental body is convened and not on such other factors as the number of non-member participants, the label placed on the meeting, or the person by whom the meeting is convened.
The presumption that the members of the school board are meeting for the purpose of exercising the responsibilities, etc., vested in the board will of course apply in your example. Whether or not it can be rebutted, however, will depend upon the facts as they appear in a particular case in light of the discussion above.
5. Would there be a violation if one member participated on a panel and three or more other members who were in the audience asked questions of or responded to (questions from panel members with respect to school district business?
No, because the convening of the members is not "for the purpose of exercising the responsibilities, authority, power or duties delegated to or vested in the body."
BCL:RJV